UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
KIM THEODORE,

                Plaintiff

   -against-

SMART REALTY LLC and THIS AND THAT
PATISSERIE INC.,

                Defendants.
------------------------------------------------------------------------x

Docket No.:
22-CV-6650 (GHW)

**ANSWER AND**
**CROSS-CLAIM**

      Defendant This and That Patisserie, Inc. ("Defendant"), by and through its attorneys Platte, Klarsfeld & Levine, LLP, interposes the following answer to the Summons and Complaint herein:

      1.      Defendant denies the truth of the allegations contained in paragraphs 1-4, 11, 12, 13, 17-25, 34-44, 49-56, 60-77 and 79-84 of the Complaint.

      2.      Defendant lacks knowledge or information sufficient to form belief as to the truth of the allegations contained in paragraphs 5, 6, 8, 14, 15, 16, 26-29, 31, 46 and 58 of the Complaint.

      3.      Defendant admits the truth of the allegations contained in paragraphs 7, 9 and 10 of the Complaint.

      4.      Defendant denies the truth of the allegations contained in paragraphs 32, 33 47, 48 and 59 of the Complaint and refers to the applicable document for its complete terms, content and meaning.

### **AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

      5.      The action fails to state a cause of action upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

6. Plaintiff's claims are barred by the documentary evidence.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

7. Plaintiff failed to exhaust appropriate state remedies.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

8. The removal of the barriers to access are not readily achievable.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

9. Defendant did not discriminate against Plaintiff because providing reasonable accommodations that Plaintiff is requesting would have caused Defendant to suffer an undue hardship.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

10. It is not feasible to provide physical access to the Premises and the building in which the Premises is located, or to remove the complained of barriers to access, and Defendant provided an alternate method of access.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

11. The Premises is locked at all times. Anyone, handicapped or not, who wants to access the Premises must ring the bell and be let into the Premises. As such, Defendant did not violate any applicable laws, including the ADA.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

12. At all times relevant hereto, Defendant acted under the reasonable belief that its actions were in accordance with federal and state laws, rules and regulations. At no time relevant hereto did Defendant act in contravention of clearly established federal or state law of which a reasonable person should have known.

## AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

13. Plaintiff is not entitled to damages or attorney's fees because Plaintiff acted in bad faith by failing to give Defendant notice of alleged violations prior to filing the instant lawsuit, when alleged violations could have been handled in a cost-efficient manner, in a transparent attempt to extract a settlement.

## AS AND FOR A FIRST CROSS CLAIM AGAINST SMART REALTY LLC

14. Defendant repeats each and every allegation as if stated contained in paragraphs 1 through 12 as if more fully set forth at length herein.

15. On or about October 16, 2015, Smart Realty LLC ("Smart"), as landlord, and Defendant, as tenant, entered into a ten year lease (as amended, the "Lease") for the premises located at 14 Delancey Street, Store and basement, New York, New York (the "Premises").

16. Pursuant to the Lease, including Articles 4, 6, and 66, Smart is required to maintain and repair the public portions of the building, both interior and exterior, and make all structural repairs, including to the building floor and façade. Defendant is not required to make any structural repairs to the Premises or building.

17. Pursuant to Article 47 of the Lease, "Tenant shall not have any obligation to repair or correct any condition which existed on the date of commencement of this Lease whether or not such condition is a violation of any statute or governmental rules, orders and regulations or of insurance companies and the Board of Fire Underwriters".

18. As a result of the foregoing, Smart is liable for any structural repairs necessary for Defendant to comply with any violations of law, as alleged in the Complaint, including structural repairs to the entrance and/or ramp into the Premises.

19.     As a result of the foregoing, if Plaintiff sustained the injuries and damages in the manner and at the time and place alleged, and/or if it establishes the facts detailed in the Complaint, and if it is found that Defendant is liable to Plaintiff, all of which is specifically denied, then Defendant is entitled to indemnification and contribution from Smart, and judgment over and against Smart, for all or part of any verdict or judgment that Plaintiff may recover against Defendant, plus Defendant's costs, expenses and attorneys' fees.

**WHEREFORE**, Defendant respectfully requests that the Complaint be dismissed in its entirety, that Defendant be awarded judgment on its cross claim along with such other and further relief as the Court deems just and proper.

Dated: New York, New York
       November 14, 2022

                                              Platte, Klarsfeld & Levine, LLP

                                              *Jeffrey Klarsfeld*
                        By:     _____
                                              Jeffrey Klarsfeld, Esq. (JHK 4621)
                                              Attorneys for Defendant This and
                                              That Patisserie Inc.
                                              10 East 40th Street - 46th Floor
                                              New York, New York 10016
                                              (212) 726-4423
                                              jklarsfeld@plattelaw.com